**Joseph A. MAYO and Ruth S. Mayo**

v.

**McCLOSKEY & CO.; McCloskey & Co. of Florida; and McCloskey Homes, Inc.**

**Civ. A. No. 24395.**

United States District Court E. D. Pennsylvania.

Dec. 8, 1961.

**8**

See also 168 F.Supp. 241.

White & Williams, by Richard W. Hopkins, Philadelphia, Pa., for plaintiffs.

Lawrence D. Biele, J. Dress Pannell, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The plaintiffs, husband and wife, recovered a verdict in the amount of $5500 against the defendant McCloskey & Co. of Florida. A motion for a directed verdict in favor of McCloskey & Co. was granted at the close of plaintiffs' case. The suit was for the defendants' alleged breach of the warranty of workmanlike service in the installation of a radiant heating system in a house which plaintiffs had contracted to have constructed. The agreement of sale was signed by plaintiffs and defendant McCloskey & Co.

of Florida. Plaintiffs attempted to show that that company was the agent of defendant McCloskey & Co., in an effort to hold the latter liable for the alleged negligence of McCloskey & Co. of Florida. Plaintiffs' motion for a new trial as to McCloskey & Co. is rendered moot by the view we take of this case as set forth below.

The defendant's motions have raised several questions, but we think that the validity of certain provisions of the agreement of sale is dispositive of this case.

The agreement of sale entered into between the plaintiffs and the defendant contained the following paragraph:

"10. Possession is to be delivered at final settlement by delivery of deed and key, completion of final settlement and full payment by Buyer of the balance of the purchase price, other moneys due under this agreement, all of the above charges and fees, and if a mortgage is to be obtained under this agreement, after final approval of mortgage. At time of settlement and before taking possession, Buyer shall execute an affidavit of completion and release in form satisfactory to Seller and releasing the Seller from any and all claims hereunder.[1] If Buyer shall fail or refuse to execute such affidavit of completion and release, Seller may refuse to settle and deliver possession, and Seller may further retain as liquidated damages, or on account of the purchase price, as Seller may elect, the sum or sums paid on account of the purchase price; and if retained as liquidated damages, this agreement shall thereupon become and be cancelled and null and void, and Seller shall have no further liability whatsoever to Buyer. *The acceptance of key or deed or entry* into possession of any part of the premises by Buyer is an acceptance by Buyer of the premises

---

1. Plaintiffs in fact did not execute a separate contract of release. However, we think the underscored language clearly negatives the necessity of plaintiffs' having executed such separate contract of release.

entirely completed and *shall constitute a complete release and discharge of all obligations and liabilities of Seller with respect to the construction, completion and delivery of said premises and every part thereof.* After settlement is made and/or key is accepted and/or entry into possession of any part of the premises is made, *Buyer agrees that no further claims or demands of any kind will be made upon Seller and Seller shall not be liable for any and all injuries, loss or damage to Buyer or any other person, or to the premises,* or property in, on, or about the premises, *resulting from any cause whatsover, including but not to the exclusion of other causes not specifically recited herein, negligence and latent or undiscovered defects, and Buyer hereby releases and discharges Seller from all liability for such injuries, loss, or damage."* (Emphasis supplied.)

The language above-quoted clearly purports to release the defendant from liability arising from its negligence in construction of the house in question. Plaintiffs have sought to avoid the effect of this portion of the contract, contending that it is void as against public policy. An examination of the authorities reveals that this contention is unsound.

Corpus Juris Secundum (17 C.J.S. Contracts § 262, p. 644 et seq.) states:

"* * * it has been said that the broad public policy of freedom of contract controls in determining the validity of contracts exempting from liability for negligence [citing cases]." (At pp. 644, 645.)

The Pennsylvania Law Encyclopedia (8 P.L.E. Contracts § 97, 109) states:

"Accordingly, provisions in a sale contract, limiting the seller's liability to the buyer for negligence, are not invalidated by a rule of public policy [citing cases]."

The cases cited in the above authorities include Manius v. Housing Authority of the City of Pittsburgh, 350 Pa. 512, 39 A.2d 614 (1944). In that case it was held that there is no public policy in Pennsylvania which bars a public housing authority from contracting for non-liability for its negligence. And in the case of Wright v. Sterling Land Company, Inc., 157 Pa.Super. 625 (1945), 628, 43 A.2d 614, 615, the Court stated:

"As between private individuals in their personal affairs, one may be indemnified against the results of his own or his servants' negligence, if the intention so to do is clearly expressed in the contract."

Finally, in the case of Shafer v. Reo Motors, Inc., 205 F.2d 685 (3 Cir.1953), Circuit Judge Kalodner quoted with approval Judge Kirkpatrick's opinion in another case as follows:

" 'The general rule is that one party to a transaction may ordinarily contract to limit or eliminate his liability for negligence in performing his obligations. There is no rule of public policy which makes such provisions ineffective, particularly when the obligee is under no disadvantage by reason of confidential relationship, disability, inexperience or the necessities of the situation.' " (At p. 687).

In that case, summary judgment was entered, and sustained on appeal, in favor of the defendant-manufacturer of a motor coach in a suit for damages resulting from a fire caused by the gasoline tank having broken from its supports.

In view of the foregoing authorities, we conclude that the paragraph of the agreement of sale herein involved was valid, and that it relieved the defendant McCloskey & Co. of Florida from any liability, including liability for negligence, in the construction of the plaintiffs' home. It follows that, even assuming as plaintiffs contend that McCloskey & Co. was the principal and McCloskey & Co. of Florida the agent, McCloskey & Co. was also relieved of liability by the quoted provisions of the agreement of sale.

### Order

And now, to wit, this 8th day of December, 1961, It Is Hereby Ordered That:

1. McCloskey & Co. of Florida's motion for judgment n. o. v. is Granted;

2. Plaintiffs' motion for a new trial is Denied.

The Clerk is directed to vacate the judgment previously entered in this matter in favor of plaintiffs against defendant McCloskey & Co. of Florida and to enter instead judgment in favor of the defendant McCloskey & Co. of Florida and against the plaintiffs with costs to be taxed against the plaintiffs.