STEINMETZ *v.* DWORKIN TRUCK LINES, INC., ET AL.
MOONEYHAN ET AL. *v.* KEYES-TREUHAFT CO. ET AL.
GREEN ET AL. *v.* DAVIS.
DIAL *v.* FEINBERG ET AL.

(Nos. 857449, 847623, 853925 and 856805—Decided
September 11, 1968.)

Common Pleas Court of Cuyahoga County.

JACKSON, J. Inasmuch as each of the above-captioned
cases presented to this court an identical question of law,
the court heard and considered them at the same time, and
the opinion of the court is equally applicable in each case.

Each of the plaintiffs with whom this motion is con-
cerned brought suit against their respective defendants
alleging that as the result of personal injuries suffered by
the husbands of the plaintiffs because of the defendants
negligence, they suffered compensable damages as a result
of the loss of the services, companionship and consortium
of the injured husband.

In each case a general demurrer was filed to the cause
of action, said demurrers alleging that no cause of action
existed in favor of each of the plaintiffs concerned. In
each case, the demurring defendant relied on the case of

*Smith* v. *Nicholas Building Co.* (1915), 93 Ohio St. 101, which states:

"A wife has no right of action against a person for the loss of the consortium of her husband caused by personal injuries sustained by him through the negligence of such person."

At this point in time, it would be near meaningless to try to say that *Smith* didn't stand for the proposition that the courts have used it for. In the *Smith case*, the wife sought to separate her action for loss of her husband's physical services, from her action for loss of his sentimental services. In considering her claim the court stated:

"She is complaining of an invasion of those rights which are associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services. In none of the cases to which our attention has been called has it been held that the right for which plaintiff is contending here existed in the husband unaccompanied by a claim for a loss of services. There is no reason then why the wife should be permitted to maintain an action where the same right does not exist in the husband. There is no statute conferring such right." 93 Ohio St. 104, 105.

Thus all that the court really meant to say was that a claim for loss of consortium cannot exist unless there is also a claim for loss of services. In each of the above-captioned cases, both claims have been made. Thus, strictly speaking, a motion to strike certain language from the petition and a motion to make "services" definite and certain would be proper and not a demurrer. On its face each petition states a cause of action.

However, in light of the law that has developed from *Smith,* it would be best to look at the substantive issue involved; can a wife today maintain an action for the loss of her husband's services, companionship and consortium?

In the case of *Kane* v. *Quigley* (1964), 1 Ohio St. 2d at page 7, the court stated that:

"[T]he term, 'consortium,' includes conjugal fellowship, society, comfort, affection, solace and companionship." (Citations deleted.)

Before proceeding, it should be noted that the decision in the *Smith case* is in agreement with the present majority of jurisdictions that deny recovery for the wife's loss of consortium on the basis of common-law doctrine. A variety of reasons are given for this result; that the damage is too remote, that while the husband has a right to the wife's services, the wife has no corresponding right; and that no new rights were created by the Married Women's Act. See 48 Minnesota Law Review 119 (1963), at page 136, footnote No. 62.

In recent years, however, there have been an increasing number of cases that have run contra to the prevailing view. Perhaps the most significant of these decisions is the case of *Hitaffer* v. *Argonne Co.* (D. C. Circuit, 1950), 183 F. 2d 811, cert. denied, 340 U. S. 852 (1950).

The *Hitaffer* court acknowledged the existence of the prevailing view, but then went on to comment that:

"* * * [A]fter piercing the thin veils of reasoning employed to sustain the rule, we have been unable to disclose any substantial rationale on which we would be willing to predicate a denial of a wife's action for loss of *consortium* due to a negligent injury to her husband."

The opinion discussed each of the traditional arguments against a wife's recovery and it concluded that the husband and wife share a mutual right to the conjugal society of each other. 183 F. 2d at page 813. (In this regard, Section 3103.01, Revised Code, should be noted.)

As to the argument that the married woman had no such action at common law, and that the Women's Emancipation Act gave her no new causes of action, the court answered:

"There can be no doubt that the expressed view of this court is that the husband and the wife have equal rights in the marriage relation which will receive equal protection of the law. That these rights existed prior to the passage of the Married Women's Act cannot be doubted. The Act simply removed the wife's disability to invoke the law's protection. And what we have said in this regard is equally applicable to the large number of cases which satisfy themselves with simply stating that the wife had no such action

at common law and the Emancipation Acts gave her no new causes of action. It is not for us, at this late date under the modern concepts of the marital relations, to deny the wife legal protection of this right." 183 F. 2d at 816.

The *Hitaffer* court found that to deny a woman such a right would deny to her the equal protection of the law.

It should be noted that while the case of *Smither & Co.* v. *Coles,* 242 F. 2d 220 (U. S. App. D. C.) overruled the *Hitaffer* decision on the issue of the scope of the exclusive liability provisions of the District of Columbia Workmen's Compensation Act, the *Coles* court recognized the validity of the *Hitaffer* holding on the loss of consortium issue.

The *Hitaffer* approach to the consortium question was affirmed in the recent case of *Owen* v. *Illinois Baking Corp.* (U. S. D. C. W. Dist. Michigan, S. Div., 1966), 260 F. Supp. 820, where the court, sitting with diversity jurisdiction, and interpreting the substantive law of Indiana stated:

"Thus, this court determines that the denial of the right to sue for loss of consortium, when applied to a wife but not a husband, is clearly a violation of the wife's right to equal protection of the laws under the Fourteenth Amendment to the federal Constitution. To draw such a distinction between a husband and wife is a classification which is unreasonable and impermissible, and likewise a violation of the Fourteenth Amendment guarantees." 260 F. Supp. 821 U. S. D. C.

While most courts have refused to follow the decision in *Hitaffer* v *Argonne Co., supra* (1963), (See 48 Minnesota Law Review 119, at page 136, footnote No. 62), there have been an increasing number of cases that have accepted the *Hitaffer* reasoning; *Missouri-Pacific Transp. Co.* v. *Miller* (1957), 227 Ark. 351, 299 S. W. 2d 41; *Tuther* v. *Maple* (8th Cir. 1958), 250 F. 2d 916; *Brown* v. *Georgia-Tennessee Coaches, Inc.* (1953), 88 Ga. App. 519, 77 S. E. 2d 24; *Dini* v. *Naiditch* (1960), 20 Ill. 2d 406, 170 N. E. 2d 88; *Acuff* v. *Schmidt* (1956) 248 Iowa 272, 78 N. W. 2d 227; *Montgomery* v. *Stephan* (1960), 359 Mich. 33, 101 N. W. 2d 227; *Duffy* v. *Lipman-Fulkerson Co.* (D. Mont. 1961), 200 F. Supp. 7; *Cooney* v. *Mooman* (D. Neb. 1953), 109 F. Supp.

448; *Ekalo* v. *Constructive Serv. Corp. of America* (1965), 46 N. J. 82, 215 A. 2d 1; *Smith* v. *Smith* (1955), 205 Ore. 286, 287 P. 2d 572; *Mariani* v. *Nanni* (R. I. 1962), 185 A. 2d 119; *Hoekstra* v. *Hegelund* (1959), 78 S. D. 82, 98 N. W. 2d 669.

In Ohio, the case of *Clem* v. *Brown* (Paulding County Common Pleas Court, 1965), 3 Ohio Misc. 167, follows the *Hitaffer* reasoning. Judge Hitchcock, in holding that the *Smith* rule deprives the wife of an injured husband of the equal protection of the law guaranteed by the Fourteenth Amendment to the U. S. Constitution, reasoned as follows:

"In *Mayer* v. *Town of Brookline* (1959), 339 Mass. 209, 158 N. E. 2d 320, it is held that 'equal protection of the laws' requires that all persons similarly situated be treated alike although it does not prohibit differences in treatment where there is a basis for those differences reasonably related to the purpose which state laws and/or rules and regulations seek to accomplish. It seems evident to me there are today no factual differences justifying a continuation of the Ohio rule denying only to wives and not to husbands a cause of action for loss of consortium caused by negligent injury occasioned one's spouse." (It should be noted that in *Clem,* the eventual verdict was for the defendant, and thus the decision was not appealed.)

This court notes with approval the recently reported Ohio cases of *Leffler* v. *Wiley* (Court of Appeals for Franklin County, April 2, 1968), 15 Ohio App. 2d 67, and *Umpleby* v. *Dorsey* (Common Pleas Court of Stark County, April 24, 1967), 10 Ohio Misc. 288, which reach the same result as *Clem* v. *Brown, supra.* This court also takes note of the case of *Copeland* v. *Smith Dairy Products Co.* (U. S. D. C. N. Dist. Ohio, E. Div., April 5, 1968), 15 Ohio Misc. 43, wherein Judge William K. Thomas, formerly a judge of this court, sitting in a diversity jurisdiction case, applied the rule of *Smith* v. *Nicholas Building Co., supra.* However, in the *Copeland case, supra,* the court was forced to apply the rule of *Erie R. Co.* v. *Tomkins* (1938), 304 U. S. 64, and to rule accordingly.

While the court has read the *Leffler, Umpleby,* and *Copeland cases,* it is not upon any of these cases that the instant ruling is based, but rather upon the reasoning of

278

*Hitaffer* v. *Argonne, supra,* and the *Owen* and *Clem* decisions.

Accordingly, the court is hereby overruling the following demurrers: No. 202133, in case No. 847623; No. 202436, in case No. 856805; No. 202402, No. 202403, and No. 202404, in case No. 857449; and No. 202099, in case No. 853925.