WALDEN, Judge
(dissenting) :
The basic question is whether a wife is entitled to be compensated for loss of consortium where her husband has been negligently injured by a defendant. Thus far in Florida such recovery has been denied. In light of the trends and present concepts of jurisprudence, I suggest that it is time for the proposition to be freshly reviewed and such damages allowed. This change would strike down an unreasonable and discriminatory classification by sex and afford wives the equal protection- of law. It would accord with the intendment of U. S. Const. Amend. XIV § 1, Fla.Const. art. 1, §§ 2, 9 (1968) F.S.A.; The Civil Rights Act, U.S.Code, tit. 42, chapter 21 and The Married Women’s Property Act, F.S.1967, Chapter 708, F.S.A. See Stein *191 metz v. Dworkin Truck Lines, Inc., 1968, 16 Ohio Misc. 273, 242 N.E.2d 686; Millington v. Southeastern Elevator Co., Inc., 1968, 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897; and Hitaffer v. Argonne Co. Inc., 1950, 87 U.S.App.D.C. 57, 183 F.2d 811.
I do, therefore, dissent and would reverse the order dismissing the wife’s complaint with prejudice.