STATE OF CONNECTICUT *v.* NICHOLAS MONTAGNA

| SUPERIOR COURT | GEOGRAPHICAL AREA NO. 6 |
|---|---|
| JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. CR 6-169671 |

Memorandum filed May 4, 1979

*J. Robert Devlin, Jr.,* assistant state's attorney, for the state.

*Rosen, Dolan & Koskoff,* for the defendant.

NORTON M. LEVINE, J. On December 9, 1978, the Fritz & Hawley Camera Company in New Haven was burglarized. On December 18, 1978, in connection with that burglary, two New Haven police officers presented a search warrant application to Judge Frank J. Kinney, Jr. The search warrant was

directed against the person of the defendant, his motor vehicle, and his residence, and described certain cameras and camera equipment stolen from Fritz & Hawley.

It is undisputed that Judge Kinney signed the application in the appropriate places after having read the supporting affidavits and after having made a determination that probable cause existed to search the defendant's person, car and home. The police, however, when executing the search warrant, served upon the defendant a photocopy of the warrant and affidavits prepared prior to the time that Judge Kinney signed those documents. Subsequently, without objection by the defendant as to the missing signatures, the police seized a number of items from his home. For the most part, they matched those listed in the warrant as property to be seized.

On February 1, 1979, the defendant filed the present motion to suppress the evidence thus obtained from his home. Practice Book, 1978, § 820. The defendant's argument is that the state failed to comply with § 54-33c of the General Statutes in that the copy of the warrant served on the defendant at the time of the search was merely "an unsigned form, not an actual copy."

Section 54-33c, entitled "Execution and return of warrant. Copy of affidavit given to owner," provides, in part, as follows: "The warrant shall be executed within ten days and returned with reasonable promptness consistent with due process of law and shall be accompanied by a written inventory of all property seized. A copy of such warrant shall be given to the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or the person named therein. *Within forty-eight hours of such search, a copy of the application for*

*the warrant and a copy of all affidavits upon which the warrant is based shall be given to such owner, occupant or person . . . ."* (Emphasis added.)

The defendant argues that, because the requisite signatures were omitted from the copy of the warrant and affidavits served upon him, the subsequent search and seizure was void and illegal. Therefore, the defendant asks this court to apply the exclusionary rule, and to hold that all evidence obtained from the search on December 18, 1978 is inadmissible.

Except for a pair of binoculars the defendant's motion lacks merit.

## I

Some general comments are initially appropriate. Essentially, the exclusionary rule is a judicially created remedy for protecting citizens' fourth amendment rights from overzealous law enforcement officials. The primary purpose of the fourth amendment is to require a neutral and detached magistrate to make a determination as to the reliability and sufficiency of evidence used to justify a search. *Johnson* v. *United States,* 333 U.S. 10, 14. The exclusionary rule has two functions. It is used, first, to deter police officials from committing unlawful searches and seizures and, second, to preserve the judicial integrity of the courts. The court should not be an accomplice to the infringement of fourth amendment rights. *Mapp* v. *Ohio,* 367 U.S. 643, 656; *Elkins* v. *United States,* 364 U.S. 206, 222-23.

The research of counsel and the court has not revealed any Connecticut case squarely in point relative to the defendant's specific objections herein. In any event, the present case is a clear example of what may be termed an administrative or clerical error, not falling within the prohibitions of the rule. The procedures required by § 54-33c as to the signa-

tures on the copy of the warrant and affidavits are ministerial in nature. Absent a substantial showing of prejudice, the omission of the signatures on the copy was minor and does not invalidate an otherwise lawful search. Section 54-33c merely provides that "a copy" of the warrant and affidavits shall be given to the owner or occupant of the premises searched. In fact, a copy was delivered to the defendant herein, although it lacked a reproduction of the signatures involved. It was substantially complete.

In the totality of the circumstances herein, the omission was harmless error. *Chapman* v. *California,* 386 U.S. 18, 22; *United States* v. *Romano,* 203 F. Sup. 27, 32 (D. Conn.). The defendant's fourth amendment rights were protected, in that an impartial judicial officer ruled at the outset on the existence of probable cause in the supporting affidavits. The New Haven police officers made a good faith attempt to respect all of the defendant's rights. Hence, suppression of the evidence would have no deterrent effect on them whatsoever. Further, exclusion of the seized goods in no way protects judicial integrity, since there was no flagrantly lawless police activity.

Thus the granting of the defendant's motion could in no way serve the very purposes for which the exclusionary rule was created.

## II

A review of cases from other jurisdictions reveals that the exclusionary rule is not applied inflexibly in the case of every police error arising out of search warrants.

In California, for example, it was held that a magistrate's inadvertent failure to sign a search warrant did not require suppression of the evidence seized where the magistrate did determine that prob-

able cause existed and where the deputy believed the warrant to be legally sufficient at the time he executed the warrant. *People* v. *Superior Court,* 75 Cal. App. 3d 76. In accord, see *Sternberg* v. *Superior Court,* 41 Cal. App. 3d 281. In *State* v. *Johnson,* 16 Ohio Misc. 278, 281, the court concluded that the fact that police officers initiated a search without a warrant in their physical possession did not invalidate the search. In accord, *United States* v. *Woodring,* 444 F.2d 749, 751 (9th Cir.).

The thrust of the exclusionary rule has been substantially narrowed by the United States Supreme Court in recent years, beginning in 1974. When it has been invoked, the Supreme Court has been increasingly careful to balance the deterrent effect of the rule in a particular case against the cost to government and society of losing the use of probative evidence. The "balancing technique" was employed in the three leading cases of *Stone* v. *Powell,* 428 U.S. 465, 494–95; *United States* v. *Janis,* 428 U.S. 433, 453–54; and *United States* v. *Calandra,* 414 U.S. 338, 348. See Whitebread, Constitutional Criminal Procedure (1978), pp. 6–8; and comment, "The Briefcase Caper, Standing and Due Process Exclusion," 10 Conn. L. Rev. 210, 213–14. Thus, one trial attorney has stated, "The Fourth Amendment and the exclusionary rule have a grim prognosis for longevity." Keefe, "Contesting Searches and Seizures," 49 Conn. B.J. 45, 76.

Finally, it is significant that a comprehensive article entitled "The Exclusionary Rule, Why Suppress Valid Evidence?" by Judge Malcolm Richard Wilkey of the United States Court of Appeals for the District of Columbia appeared in the November, 1978 issue of Judicature, the official publication of the American Judicature Society. Judge Wilkey's article contains a summary of the arguments for and against the exclusionary rule. His interesting con-

clusion is that the rule should be abolished in toto. He contends that it is simply a judge-made rule of evidence, that it unjustly frees many criminals, and that alternative methods exist, or should be found, to deter police from violating fourth amendment rights.

### III

The defendant failed to sustain his burden of proof on the present motion, except relative to a pair of binoculars not listed in the original warrant authorizing the search. *State* v. *Williams,* 169 Conn. 322, 330; *State* v. *Allen,* 155 Conn. 385, 388.

Accordingly, the defendant's motion to suppress is denied, except with respect to the binoculars. It is granted, solely and exclusively, as to those binoculars.