[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The motion before the court upon which the court heard evidence raises two basic issues:
1) Does the defendant, Jose Martinez, have standing to move to suppress the evidence seized from the premises located at 1213 East Main Street in Bridgeport?[1]
2) Should the evidence seized from 1213 East Main Street be suppressed on the ground that the police officers failed to comply with the filing and disclosure requirements of General Statutes § 54-33c?
The defendants, Juan Rosario, Jose Martinez, and Margarita Rodriguez, were arrested on March 9, 1994, after Bridgeport police officers executed a search of an apartment located at 1213 East Main Street in Bridgeport.
On September 21, 1994, the defendants moved to suppress the evidence seized during the search on the ground that a copy of the affidavits upon which the search warrant was based was not provided to the defendants in the time manner prescribed [prescribed] by General Statutes § 54-33c(a). The defendants also move to suppress the evidence on the ground that the police affidavit, which is required in order to waive the requirement of disclosure of affidavits upon which the search warrant is based, was fatally defective.
The State argues first that Martinez lacks standing to move to suppress the evidence seized during the search.
"A person is entitled to fourth amendment protection anywhere he resides where he has a reasonable expectation of privacy. . . . The capacity to claim the protection of the fourth amendment does not depend upon a property interest, permanency of residence, or payment of rent but upon whether the person who claims fourth amendment protection has a reasonable expectation of privacy in the invaded area." (Citations omitted.)State v. Reddick, 207 Conn. 323, 329-30, 541 A.2d 1209 (1988). Our Supreme Court has held CT Page 10864
 an adult son or daughter . . . who is living permanently or staying temporarily with a parent in the parental home, has a reasonable expectation of privacy in that home. The relationship of parent and child is normally such that the child would be on the premises legitimately, would have free access to its facilities, would be able to exclude uninvited or unauthorized persons and would have a legitimate expectation that the home would be free of governmental intrusion.
Id., 331.
At the suppression hearing in the present case, Rodriguez testified that prior to the search of the apartment at 1213 East Main Street, her son, Martinez, had moved some of his belongings to another address. Rodriguez testified that Martinez came by the East Main Street apartment every day. Martinez testified that he still had a key to his mother's East Main Street apartment and many of his possessions were still in that apartment. Martinez testified also that his mailing address at the time of the search was 1213 East Main Street. The court may reasonably conclude that since Martinez kept many of his belongings at 1213 East Main Street, had a key to the apartment, and stopped by on a daily basis, he has demonstrated a legitimate expectation of privacy in his mothers's apartment. Furthermore, Martinez' expectation of privacy extended to all areas of the house. See State v. Reddick, supra, 207 Conn. 330-34 (defendant had reasonable expectation of privacy in the basement of his mother's apartment.) Therefore, the court finds that Martinez has standing to move to suppress the evidence seized during the search.
The defendants attack the validity of the search warrant on the ground that the time period for non-disclosure expired and, therefore, the prosecutor had forty-eight hours to provide the affidavits upon which the search warrant was based to the defendants. The State argues that the forty-eight hour time period is not automatically triggered upon expiration of the non-disclosure period. The State argues further that the defendants have a right to request the affidavits upon expiration of the non-disclosure period. CT Page 10865
Upon issuance of a search warrant,
 [a] copy of such warrant shall be given to the owner or occupant of the dwelling . . . designated therein. . . . Within forty-eight hours of such search, a copy of the application for the warrant and a copy of all affidavits upon which the warrant is based shall be given to such owner, occupant or person. The judge may, by order, dispense with the requirement of giving a copy of the affidavits to such owner, occupant, or person at such time if the applicant for the warrant files a detailed affidavit with the judge which demonstrates to the judge that (1) the personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time. . . . If the judge dispenses with the requirement of giving a copy of the affidavits at such time, such order shall not affect the right of such owner, occupant, or person to obtain such copy at any subsequent time.
General Statutes § 54-33c(a).
The statute provides further that
 any order dispensing with the requirement of giving a copy of the warrant application and accompanying affidavits to such owner, occupant, or person within forty-eight hours shall be for a specific period of time, not to exceed two weeks beyond the date the warrant is executed.
General Statutes § 54-33c(b).
This is a matter of first impression as there is no case law in Connecticut on the issue of whether the forty-eight hour rule is triggered again upon expiration of the initial non-disclosure period. Additionally, a search of the legislative history of the statute provides no guidance on the legislature's intent. Also, CT Page 10866 the statute is unclear as to whether the prosecution has an affirmative duty to provide the occupant with a copy of the search warrant and supporting affidavits immediately upon the expiration of the initial non-disclosure period. Nevertheless, even if the prosecution is under such a duty, this court is of the opinion that the failure to provide the defendants with a copy of the search warrant and affidavits does not require suppression of the evidence seized, absent a showing of prejudice. See United States v. Marx, 635 F.2d 436, 441 (1981).
Violations of return and filing requirements are generally ministerial in nature. See, e.g., State v. Montagna,35 Conn. Sup. 225, 227-28, 405 A.2d 93 (Super.Ct. 1979) (procedures required by General Statutes § 54-33c as to the signatures on the copy of warrant and affidavits given to occupant are ministerial in nature); United States v. Marx, supra, 635 F.2d 441
(violations of Fed.R.Crim.P. 41(d), requiring the officer to give a copy of search warrant to occupant, are essentially ministerial in nature).[2] A motion to suppress based on a violation of statutory filing requirements will be granted only if "the defendant demonstrates legal prejudice or that noncompliance with the rule was intentional or in bad faith."United States v. Marx, supra, 441. "In order to show prejudice in this context, a defendant must show that because of the violation of [the filing rule] he was subjected to a search that might not have occurred or would not have been so abrasive had the rule been followed." Id.
In the present case, the issuing judge ordered non-disclosure of the search warrant and affidavit. The period for non-disclosure is unclear, however the statute requires that it could not have been for more than two weeks after the date the warrant was executed. Therefore, in order for the defendants to succeed on their motion to suppress because of a violation of General Statutes § 54-33c, they must demonstrate prejudice resulting from the violation. Here the defendants have failed to show how they were prejudiced by the prosecution's failure to provide them with a copy of the search warrant and affidavit. Since the prosecutor did not seek an extension of the non-disclosure order, the defendants could have requested a copy of the search warrant application and accompanying affidavits. The defendants, however, never made such a request. Accordingly, since the defendants have not shown how they were prejudiced, the motion to suppress based on this ground is denied.
The defendants argue next that the search warrant is invalid CT Page 10867 on the ground that the affidavit filed in support of the non-disclosure order was insufficient. The State argues that the affidavit, read in context with the other information in the application for the search warrant, sufficiently apprised the issuing judge of the reasons for non-disclosure.
The issuing judge may waive the disclosure of the application for a search warrant and accompanying affidavits, "if the applicant for the warrant files a detailed affidavit . . . which demonstrates to the judge that (1) the personal safety of a confidential informant would be jeopardized . . ., or (2) the search is part of a continuing investigation which would be adversely affected. . . ." General Statutes § 54-33c(a).
In the present case, the search warrant was accompanied by a police affidavit which stated that the personal safety of a confidential informant would be jeopardized and that the search was part of a continuing investigation which would be adversely affected by a giving of a copy of the affidavit at that time. While a more detailed affidavit would be desirable, the affidavit in the present case meets the requirements of General Statutes § 54-33c. See State v. Mancinone, 15 Conn. App. 251, 269,545 A.2d 1131 (1988) (affidavit stated that safety of confidential informants would be jeopardized and there was a continuing investigation), cert. denied, 209 Conn. 818,551 A.2d 757, cert. denied, 489 U.S. 1017, 109 S.Ct. 1132, 103 L.Ed.2d 194
(1988). Therefore, the motion to suppress on this second ground is also denied.
MAIOCCO, J.