[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant has filed a motion to suppress "tangible evidence," more particularly evidence obtained from America Online (AOL) following the production of a search and seizure warrant to it for account or subscriber information relating to the defendant.
The relevant procedural history necessary for a decision on this motion CT Page 16477 is as follows. The state alleges that the defendant and the victim, then age fourteen, met "on-line" in an AOL internet "chat room." They later met in Greenwich, and had sexual intercourse. The victim became pregnant. The defendant and the victim did not see each other again, although the victim notified the defendant of the pregnancy and they discussed it on-line. The victim had an abortion.
As the result of this and other evidence, the Greenwich police applied for a search and seizure warrant for AOL account information relating to the defendant. A court found probable cause and signed the warrant. The Greenwich police then faxed the warrant to AOL headquarters in Dulles, Virginia. They obtained the requested information. The defendant was later arrested by warrant and charged with sexual assault in the second degree in violation of Conn. Gen. Stat. section 53a-71, risk of injury to a minor in violation of Conn. Gen. Stat. section 53-21, and using a computer to entice a minor to engage in sexual activity, P.A. 99-113 (now Conn. Gen. Stat. section 53a-90a).
The sole issue now before the court is whether, on federal and state constitutional grounds,[1] evidence obtained as the result of the AOL search and seizure warrant, and any derivative evidence, should be suppressed.[2] The defendant contends that ". . . the Court had no jurisdiction over the property outside of this state, and the Greenwich Police officers had no authority to act outside of the Town of Greenwich" (Defendant's Motion, p. 1).
The court believes that the authority of the Greenwich police to carry out the search and seizure order derives from the provisions of18 U.S.C. § 2701 et seq. Section 2703 of that act provides:
 "A provider of electronic communication service or remote computing service shall disclose to a governmental entity the name, address, local and long distance telephone toll billing records, telephone number or other subscriber number or identity, and length of service of a subscriber to or customer of such service and the types of services the subscriber or customer utilized, when the governmental entity uses as administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or by any means available under subparagraph (B)."
Subparagraph (B) of the act states:
 "A provider of electronic communication service or CT Page 16478 remote computing service shall disclose a record or other information pertaining to a subscriber to or a customer of such service . . . to a governmental entity only when the governmental entity (1) obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent state warrant."
The language of this statute is plain and unambiguous. It requires that the service provider disclose the subject information only when the governmental entity "obtains" the warrant. While it may not be entirely self-executing, see, State v. DeMartin, 171 Conn. 524, 543 (1976), any question as to how service of the warrant may be made can be considered against the backdrop of Connecticut's own legislation concerning search and seizure warrants. Conn. Gen. Stat. section 54-33c, et seq. Cf. Stateex Rel. Cotter v. Leipner, 138 Conn. 153, 158 (1951).
While penal statutes are to be construed strictly, they are not to be done so in a manner that would frustrate the intent behind the underlying legislation. State v. Dolphin, 203 Conn. 506, 523-24 (1987), citing Statev. Ellis, 197 Conn. 436, 445 (1985). An examination of U.S. Senate bill 854 shows the intent of the bill which would become, in part,18 U.S.C. § 2703, was essentially twofold: "The purposes of this act are (1) to promote the privacy and constitutional rights of individuals and organizations in networked computer systems and other digital environments . . . and properly balance the needs of law enforcement to have access to electronic communications and information in appropriate circumstances. . . ." Electronic Rights for the 21st Century Act, S. 854, 106th Cong. § 2 (1999). The privacy and constitutional rights of customers or subscribers of service providers is fulfilled by the proviso that the information be disclosed only upon obtaining a warrant. There is no dispute that the warrant requirements for this state, as set forth in Conn. Gen. Stat. section 54-33c, et seq., were met here.
The case of State v. Stevens, 224 Conn. 730 (1993), while not on point, is at least instructive. There, a Connecticut police officer performed field sobriety tests and gathered consensual blood samples from a defendant at a hospital in Rhode Island to which she had been transported by emergency medical personnel for treatment of her injuries following a car accident and her arrest. The defendant challenged the admission of evidence of the sobriety tests and, under Conn. Gen. Stat. section 14-227b(b), the analysis of the blood samples. She claimed that the officer had no authority to act as a police officer outside his territorial jurisdiction for purposes of that statute. The Supreme Court rejected that claim. ". . . [A]lthough bereft of some of his statutory and common law authority outside of Connecticut and the municipality that employed him, [the officer] did not cease to be a Connecticut "police CT Page 16479 officer"for purposes of section 14-227b(b). Stevens, 224 Conn. at 742-743
(1993). "In similar circumstances, courts of other states have held that the fact that evidence had been gathered outside an officer's territorial jurisdiction does not require suppression of the evidence." Ibid., 741.
The defendant's motion to suppress seeks, in practice and effect, to apply the exclusionary rule to the information obtained under the AOL warrant. The facts of this case do not justify this sanction. The exclusionary rule is: ". . . .a judicially created remedy for protecting citizens' fourth amendment rights from overzealous law enforcement officials." State v. Montagna, 35 Conn. Sup. 225, 227 (1979). The law enforcement officials here, having obtained a warrant supported by a neutral and detached magistrate's determination of probable cause, can hardly be accused of overzealous behavior. The circumstances do not warrant application of the exclusionary rule.
For the foregoing reasons, the defendant's motion to suppress is denied. The case is continued to December 18, 2001. So ordered.
KAVANEWSKY, J.