[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO SUPPRESS
The defendant, Stanford Francis, ("defendant") has filed a motion to suppress items seized on November 8, 2001, from the address of 26-5 Preston Terrace, Waterbury, Connecticut pursuant to the execution of a search warrant. This motion is dated December 16, 2002. The defendant also argues that any "other" evidence seized as a result of the search should be suppressed as a result of the initial illegal search.
The defendant based this motion to suppress on the following grounds:
(a) There is insufficient facts and circumstances recited within the affidavit for the search warrant from which probable cause can be found to show the "crack cocaine" would, in fact, be found within the apartment addressed 26-5 Preston Terrace, Waterbury, Connecticut.
(b) The Geico Insurance correspondence found pursuant to the search was beyond the scope of the search warrant as this evidence was not specified within the initial search warrant.[1]
(c) No copy of the search warrant was given to the defendant by a representative of the Waterbury Police Department, as is required pursuant to General Statutes Section 54-33.
The court conducted an evidentiary hearing on this motion and other motions related to this defendant's trial on December 19, 2002 and December 20, 2002.
The court presented its decision on this motion on January 3, 2003, in advance of the commencement of evidence on January 8, 2003. (Attached copy of transcript of decision.)2*
This is the written memorandum of decision of defendant's motion to suppress. CT Page 3545
 I FACTS
On November 8, 2001, a two (2) page affidavit submitted by Waterbury police officers assigned to the Vice and Intelligence unit was signed by a Judge of the Superior Court. After a review of the affidavit, the Judge found probable cause existed that a crime had been committed and evidence of that crime was located at 26-5 Preston Terrace, Waterbury, Connecticut.
Once in possession of that search and seizure warrant, members of the Waterbury Police Department Vice and Intelligence Unit, specifically, Officer Timothy Jackson, Detective Michael Gugliotti and Detective Lawrence Smith responded to 26 Preston Terrace, entered the lobby of that building complex and proceeded to apartment 5. At that apartment location, police knocked and indicated that they were in possession of a search and seizure warrant. When there was no response, the police forcibly entered the apartment. As a result of the search, the police seized the following items:
1) Two Pyrex measuring cups each with a white residue;
2) Open box of plastic sandwich bags;
3) Pocket Tech Gram scale with a white residue;
4) Two plates with a white residue;
5) 1 plastic bag with a white powder substance;
6) 1 plastic ziplock bag containing 11 partial pieces of plastic, each containing a white powder substance;
7) One razor with a white residue;
8) Eleven dollars in U.S. currency;
9) Numerous empty ziplock bags;
10) Correspondence addressed to Stanford Francis c/o 26-5 Preston Terrace, Waterbury, Connecticut, with a return address of the Geico Insurance Company. This was located on the counter top of the kitchen area. CT Page 3546
After this search, Evidence Officer Timothy Kluntz was contacted by police personnel at the locations, and reported to that address. Detective Kluntz photographed the scene, and then inventoried the items seized and placed them in the evidence room of the Waterbury Police Department.
These items remained at that location, except to be transported to the state toxicology lab for testing. Detective Kluntz testified that he hand delivered "Page 5" of the search warrant to the defendant while he was at the Waterbury Police Department. The defendant testified and argued that this delivery did not occur.
A review of the signed and sworn affidavit in support of the search warrant represents the name and experience of the affiants and a presentation of information gained from a reliable confidential informant establishing a basis of his/her reliability. The informant indicated that cocaine is sold by a black male known as "Stone" who resides at 26-5 Preston Terrace, Waterbury, Connecticut. The informant also indicated that Stone keeps a supply of crack cocaine at the 26-5 Preston Terrace address. Further, the informant indicated that "Stone" delivers crack cocaine to perspective buyers at various locations within the City of Waterbury utilizing different vehicles, and the vehicle he is presently using is a blue colored Jeep Cherokee with yellow temp. CT reg. N86525. The informant indicated that he has seen "Stone" in possession of crack cocaine, packaged for sale and has seen Stone conceal his "stash of crack cocaine" within the residence to avoid police detection. The affiants know "Stone" as the defendant Stanford Francis.
The affidavit further indicated that on September 14, 2001, the defendant was arrested by Vice and Intelligence Division for possession of one-half gram or more of cocaine in freebase form with the intent to sell after he was found to be in possession of 11.5 grams of cocaine.
The affidavit further indicates that on November 8, 2001, the affiants received information from this confidential informant that Stone had a supply of crack cocaine in his residence at 26-5 Preston Terrace and that he was with a black male named "Clue," who is known to the affiants to be Sheldon Armstrong a/k/a Sheldon Pomply. Further, the informant indicated that "Stone" and "Clue" were at 26-5 Preston Terrace and that they were going to the area of Pine and Templeton Streets to sell crack cocaine.
The Vice and Intelligence Division members responded to 26-5 Preston Terrace to conduct surveillance. During this surveillance, "Stone" and "Clue" are seen exiting 26-5 Preston Terrace and entering the blue Jeep Cherokee. The Vice and Intelligence Division continued the surveillance and observed "Stone" and "Clue" proceed to the area of Pine Street and CT Page 3547 Templeton Street, where they saw "Stone" exit the vehicle and remove a plastic bag from his jacket and put it behind the gas tank door of the Jeep.
Officers Jackson and Sitzer then approached "Stone" and "Clue." Officer Tracey Canale approached the Jeep and removed the visible plastic bag found to contain several plastic bags each containing a white rock-like substance. These bags were known to Officer Tracey Canale to be consistent with the way that crack cocaine is packaged for sale. A portion of the white rock-like substance was tested and returned a positive reaction for cocaine. The defendant, Stanford Francis, was arrested.
Paragraph 8 of the affidavit indicated that based upon the affiants' training and experience, people who sell drugs keep drugs and sale related paraphernalia in their homes.
Paragraph 9 of the affidavit indicates that based upon this information, the affiants believe that probable cause existed that Stanford Francis is committing the crime of possession of narcotics with intent to sell and that evidence of the crime exists at 26-5 Preston Terrace, Apartment 5, Waterbury, Connecticut and request a search warrant for that location.
On November 8, 2001, a Judge of the Superior Court signed and issued the search warrant for the requested address.
The search warrant was executed on November 8, 2001, with the previously stated seizure.
A. Insufficiency of Facts and Circumstances Recited Within the SearchWarrant Affidavit from which Probable Cause Could be Found.
The issue raised by the defendant in this argument is whether the information contained in the affidavit of the warrant is sufficient to support a finding of probable cause by the issuing magistrate (Judge).
The defendant relies upon State v. DeChamplain, 179 Conn. 522,427 A.2d 1338 (1990). The defendant argues that the search warrant affidavit does not present sufficient facts and circumstances from which probable cause can be found to establish that crack cocaine would be found within the apartment at 26-5 Preston Terrace, Waterbury, Connecticut.
The State of Connecticut argues that "the search warrant is sufficient on its face and that probable cause exists in the four corners of the CT Page 3548 document and the reasonable inferences the facts in the affidavit permit the magistrate to make."
Article first, section 7, of the Connecticut constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."
"This provision, like the fourth amendment to the federal constitution
that it closely resembles, safeguards the privacy, the personal security, and the property of the individual against unjustified intrusion by agents of the government." State v. Barton, 219 Conn. 529,540, 594 A.2d 917 (1991).
"Under the fourth amendment to the United States constitution, probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched." State v. Cobb, 251 Conn. 285,316-17, 743 A.2d 1 (1999), quoting State v. Vincent, 229 Conn. 164, 171,640 A.2d 94 (1994). "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred . . ." State v. Marsala, 42 Conn. App. 1, 6, 679 A.2d 367, cert. denied, 239 Conn. 912, 682 A.2d 1010 (1996). "Probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules." State v. Vincent, supra, 229 Conn. 172, quoting State v.Zarick, 227 Conn. 207, 222-23, 630 A.2d 565, cert. denied, 510 U.S. 1025,114 S.Ct. 637, 126 L.Ed.2d 595 (1993). To determine whether there exists probable cause to search, the "issuing magistrate assesses all of the information set forth in the warrant affidavit and should make a practical nontechnical decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Vincent, supra, 172.
In this case before the Court, the affidavit outlined the affiant's training and experience, the previous information received from a reliable confidential informant, and the additional information received from the same confidential informant that was corroborated by police surveillance.
The Defendant relies on State v. DeChamplain, supra, 179 532, in which CT Page 3549 the court held the information contained in that affidavit did not support a finding of probable cause to search the defendant's residence.
The case before the court differs in significant respects. The nexus to the residence in DeChamplain was a single telephone call to the defendant at his apartment in which he received an order to purchase drugs. Statev. Diaz, 27 Conn. App. 427, 431, 607 A.2d 439 (1992), aff'd.,226 Conn. 514, 628 A.2d 567 (1993), citing State v. Brown,14 Conn. App. 605, 619, 543 A.2d 750, cert. denied, 208 Conn. 816,546 A.2d 283 (1988). In this case, police surveillance saw the defendant leave 26-5 Preston Terrace. The affiants observe the Defendant exit 26-5 Preston Terrace on the day of the surveillance. The Defendant is not observed frequenting another residence, but goes directly to the address provided by the informant, Pine and Templeton Streets.
The issuing magistrate assessed all the information that the affiants set forth in the nine paragraph affidavit and determined that probable cause existed and that criminal activity had occurred and that items named could be found at 26-5 Preston Terrace and issued a search warrant. This "totality of circumstances" standard, set forth by the United States Supreme Court and followed by the Connecticut Supreme Court is used to determine whether probable cause exists to conduct a search. See, Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 76 L.Ed.2d 527
(1983); see also, State v. Barton, supra, 219 Conn. 544.
"When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate . . ." State v. Marsala, supra, 42 Conn. App. 6. A trial court is not required to engage in a de novo review of an issuing judge's probable cause determination if the validity of the warrant is challenged by the motion to suppress. State v. Diaz, 226 Conn. 514, 529, 628 A.2d 567
(1993); see also, Connecticut General Statutes § 54-33f; ". . . [A] reviewing court must uphold the validity of the warrant . . . if the affidavit at issue presented a substantial factual basis [including the inferences reasonably drawn from the affidavit for the magistrate's conclusion that probable cause existed." State v. Diaz, supra,226 Conn. 525.
Deferring to all reasonable inferences the issuing judge could have made from the facts contained in the affidavit, this court must determine whether the contents of the affidavit provide a substantial factual basis upon which these reasonable inferences can be made. In making this determination, the trial court must consider the information set forth in CT Page 3550 the affidavit in the light most favorable to upholding the magistrate's determination of probable cause. State v. Nazario, 38 Conn. App. 588,595, 662 A.2d 1313 (1995); see also State v. Duntz, 223 Conn. 207, 216,613 A.2d 224 (1992).
From the allegations set forth in the affidavit for the search warrant, and the reasonable inferences to be drawn therefrom, there was a substantial factual basis on which the issuing judge could conclude that probable cause existed that the items sought under the search warrant would be found at 26-5 Preston Terrace, Waterbury, Connecticut.
"Actual observances of illegal activity or contraband in the premises to be searched . . . are not required to establish probable cause." Statev. Diaz, supra, 27 Conn. App. 432. "The nexus between the items sought and the place to be searched may be inferred from the type of crime, the nature of the evidence, the extent of an opportunity for concealment and normal inferences as to where a criminal would likely hide the item . . ." (Citations omitted; internal quotation marks omitted.) State v.Vincent, 30 Conn. App. 249, 257, 620 A.2d . 152 (1993), aff'd.,229 Conn. 164, 640 A.2d 94 (1994).
Conclusion
The court determines that there exists facts, considering the totality of the circumstances, to establish probable cause that a crime has been committed and that evidence consistent of the crime exists at 26-5 Preston Street, Waterbury, Connecticut.
Accordingly, the Defendant's motion to suppress on this basis is denied.
B. The Geico Insurance correspondence found pursuant to the search wasbeyond the scope of the search warrant as this evidence was not specifiedwithin the search warrant affidavit.
The specific basis for this claim is unclear in the body of the motion. However, after inquiry of defendant's counsel, the court is of the understanding that the claim of the defendant is that the Geico Insurance correspondence, with the defendant's name and address found by the Waterbury Police on the kitchen counter at 26-5 Preston Terrace should be suppressed because the search warrant did not list that item as a thing to be seized.
The search warrant that is the subject of this motion lists property to be seized but does not indicate the "Geico Correspondence" to be seized CT Page 3551 during the search of the residence.
In assessing this argument, the court, once again, reviews what is required pursuant to thefourth amendment of the United States constitution for the issuance of a search warrant; (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched. This court has addressed the sufficiency of the search warrant affidavit in Part A of this Memorandum. Having concluded the sufficiency of the search warrant affidavit, the issue to be decided is whether the lack of listing specifically the Geico correspondence on the search warrant requires its suppression. On page 5 of the warrant affidavit, the property listed to be seized includes "Proof of occupancy and ownership of the establishment."
The determination of occupancy and/or ownership of an establishment that is the subject of a search is important and necessary.
A judge of the superior court, by signing the warrant indicates that probable cause exists for that location to be searched for the items indicated. The items indicated include proof of occupancy and/or ownership of the establishment.
There is little merit to the argument that a correspondence found on a kitchen counter with the addressee listed as Stanford Francis, 26-5 Preston Terrace, Waterbury, Connecticut, does not fall within the description of proof of occupancy.
Black's Law Dictionary defines occupancy as ". . . the period during which a person owns, rents or otherwise occupies real property or premises." Black's Law Dictionary, pocket edition 1996. A correspondence with an address of the residence fits within the definition of proof of occupancy.
The Geico correspondence, from the testimony presented, was in plain view and evidence of proof of occupancy.
Conclusion
The court determines that the seizure of the Geico correspondence on the counter in the kitchen of 26-5 Preston Terrace, although not specifically listed as property to be seized, sufficiently falls within the definition of proof of occupancy and/or ownership of the establishment. CT Page 3552
Accordingly, the Defendant's motion to suppress on this basis is denied.
(C) The motion to suppress should be granted because no copy of thesearch warrant was given to the Defendant as required by General Statutes§ 54-33.
The defendant argues that a copy of the search warrant was not given to the defendant.
General Statutes § 54-33c (a) provides in pertinent part:
[a] copy of such warrant shall be given to the owner or occupant of the dwelling . . . designated therein . . . within forty-eight hours of such search, a copy of the application for the warrant and a copy of all affidavits upon which the warrant is based shall be given to such owner, occupant or person.
Reviewing the testimony presented during the hearing on this motion presents two differing versions. Detective Timothy Kluntz testified that on November 8, 2001, while the defendant was at the Waterbury Police Department in the area of the Vice and Narcotics Unit, Detective Kluntz presented him with a copy of page 5 of the search warrant. Detective Kluntz further testified that he told the Defendant that it was a copy of page 5 of the search warrant and that it was signed by a judge. Detective Kluntz identified Stanford Francis as the person he gave a copy of page 5 of the search warrant. Detective Kluntz testified that he gave Stanford Francis the copy as he was leaving to his assignment as Evidence Officer at 26-5 Preston Terrace, Waterbury, where a search had been conducted.
The defendant testified that he never saw Detective Kluntz before, and that he never received a copy of page 5 of the search warrant. The defendant testified that he did receive a "money seizure form" property receipt, but not a copy of page 5 of the warrant.
The court must review the testimony, and as factfinder, determine the credibility of the proffered testimony. Detective Kluntz is a veteran police officer, responsible for the seizure and chain of custody of evidence. Additionally, his testimony was consistent with testimony of the other officers present at the search and who testified at the hearing. The court finds Detective Kluntz's testimony credible.
Also, the statute is unclear as to whether the prosecution has an affirmative duty to provide the occupant with a copy of the search CT Page 3553 warrant and supporting affidavits. Nevertheless, even if the prosecution is under such a duty, the court is of the opinion that failure to provide a defendant with a copy of the search warrant and affidavits does not require suppression of the evidence seized absent a showing of prejudice. See United States v. Marx, 635 F.2d 436, 441 (5th Cir. 1981).
Violation of return and filing requirements are generally ministerial in nature. See, e.g., State v. Montagna, 35 Conn. Sup. 225, 227-28,405 A.2d 93 (1979); United States v. Marx, supra, 635 F.2d 441.
A motion to suppress based on a violation of statutory filing requirements will be granted only if "the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith." United States v. Marx, supra, 635 F.2d 441. "In order to show prejudice in this context, a defendant must show that because of the violation or [a filing rule] he was subjected to a search that might not have occurred or would not have been so abrasive had the rule been followed." Id.
Conclusion
The court considers the testimony of Detective Kluntz credible when he testified that he gave a copy of page 5 of the search warrant to the defendant. Additionally, the defendant has failed to show how he was prejudiced if he did not receive a copy of the search warrant.
Accordingly, the defendant's motion to suppress on this basis is denied.
Conclusion
For all the foregoing reasons, the defendant's motion to suppress is denied.
FRANK J. D'ADDABBO, JR., J.