JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jeffrey Ealom, appeals his convictions for drug trafficking in violation of R.C. 2925.03(A)(2), drug possession in violation of R.C. 2925.11, and possessing criminal tools in violation of R.C. 2923.24. Appellant pleaded no contest to the charges after the trial court denied his motion to suppress. On appeal, appellant raises a single error for review, challenging the trial court's denial of his motions to suppress evidence. For the reasons stated below, we affirm.
 {¶ 2} The trial court held a two-day hearing on appellant's motions to suppress. At that hearing, Lieutenant Dennis Hill, Detectives Franklyn Lake and James Kooser, and an informant testified for the state. The defense called Detective John Pitts to testify. Based upon the evidence presented, the trial court determined the following facts.
 {¶ 3} On July 5, 2007, Cleveland police were notified by a confidential informant that certain identified males, including appellant, had arrived in Cleveland with a shipment of marijuana. The shipment had been anticipated as a result of the Cleveland Police Department Narcotics Unit undercover operation. The police determined that the males were staying at the Cleveland Marriott Hotel on West 150th Street in rooms 325 and 327.
 {¶ 4} Lieutenant Hill met with members of the narcotics unit and formulated a plan to obtain information and secure a search warrant. The plan *Page 4 
was for Lieutenant Hill to send the informant into the hotel room with a live wire so that he could observe the illegal drugs and record the conversations with the suspects. Lieutenant Hill was to meet the informant immediately after, review the tape, and relay the information to Detective Lake who would prepare the affidavit and search warrant. Detective Lake was then to go to the home of a Cuyahoga County common pleas judge to have the warrant signed.
 {¶ 5} The night of July 5, 2007, the informant met with Lieutenant Hill who explained the plan. Between 9:00 and 9:30 p.m., Lieutenant Hill followed the informant, who was wired, to the hotel. The informant parked his car in the hotel parking lot and was met by appellant in the lobby and taken upstairs to the rooms. Members of the narcotics unit surveillance team were in the room across the hall monitoring the operation. The informant confirmed for the record that the marijuana was in the room, engaged in two phone calls with Lieutenant Hill, and then left, allegedly to get the money to complete the sale.
 {¶ 6} The informant met Lieutenant Hill across the street in a gas station and gave him the tape recording. After listening to the tape, Lieutenant Hill relayed the information to Detective Lake, who was sitting outside the judge's house. Between 10:00 and 10:15 p.m., Detective Lake notified Lieutenant Hill that the warrant had been signed. Lieutenant Hill notified the surveillance team that the warrant was secured, and the team executed the search warrant and entered the rooms at approximately 10:20 p.m. *Page 5 
 {¶ 7} Detective Hill proceeded immediately to the hotel where he gave Lieutenant Hill the signed search warrant. Copies were made at the front desk, after which Lieutenant Hill took the warrant upstairs and showed it to the defendants. All four defendants were subsequently arrested and, after they each refused to sign the inventory, a copy of the warrant and inventory was left in one of the hotel rooms. As a result of the search, the police seized approximately 50 pounds of marijuana and $14,000 in U.S. currency.
 {¶ 8} Appellant timely appealed the denial of his motions to suppress, raising the following error for review.
 {¶ 9} "I. The trial court erred in overruling appellant's motion to suppress where the search violates appellant's rights against unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution and Section 14 of the Ohio Constitution."
 {¶ 10} Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris (1994),98 Ohio App.3d 543. Accepting these facts as true, the appellate court must then *Page 6 
independently determine whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ___8.
 {¶ 11} The Fourth Amendment, made applicable to the states through theFourteenth Amendment, Mapp v. Ohio (1961), 367 U.S. 643, provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."Fourth Amendment to the United States Constitution. Warrantless searches "are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v.United States (1967), 389 U.S. 347, 357.
 {¶ 12} Appellant asserts that the court should have suppressed the results of the search because: (1) the police unlawfully entered the hotel rooms without a search warrant; (2) the warrant was defective for not describing the place to be searched with particularity as required by Crim. R. 41(C) and R.C. 2933.24(A); and (3) the affidavit in support of the warrant was defective for containing false statements of fact.
 {¶ 13} We find no merit to appellant's argument that the police conducted a warrantless search of the hotel rooms. The trial court found that the warrant was secured by10:15 p.m., the surveillance team was notified immediately after, *Page 7 
and the entry made at 10:20 p.m. This finding of fact is supported by competent and credible evidence in the record. Therefore, the search of the rooms was conducted pursuant to a signed search warrant. There is no formal requirement that the actual warrant arrive at the location to be searched before the search begins. See State v. Swartz, Summit App. No. 14514 (Sept. 15, 1990), citing State v. Johnson (1969),16 Ohio Misc. 278, 280. The record reflects that the actual warrant was produced and shown to appellant within a reasonable amount of time after the search began.
 {¶ 14} We also disagree with appellant's assertion that the warrant failed to properly describe the premises to be searched. The procedure for obtaining a warrant is set forth at Crim. R. 41(C): "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched[.]" R.C. 2933.23 prescribes the content of the affidavit supporting the warrant and provides, in pertinent part: "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched[.]" R.C. 2933.24(A) sets forth the requisite content of a search warrant and provides: "A search warrant shall *** particularly name or describe *** the place to be searched ***." *Page 8 
 {¶ 15} The standard to be applied in determining the sufficiency of a warrant's identification of the place to be searched was stated inSteele v. United States (1925), 267 U.S. 498, 503: "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." The test is one of reasonableness. The affidavit and warrant identified the name of the hotel, the street address, and the room numbers. This is sufficient identification.
 {¶ 16} Appellant argues that the warrant misidentified the rooms to be searched. The record reflects that under Marriott's numbering system, a one is placed in front of the room numbers to indicate that they are located in building number one. Although the plate outside the room reads "1325" and "1327," Marriott reserves the rooms and bills the rooms to guests as rooms 325 and 327. Hotel records showed that rooms 325 and 327 were reserved for the night of the search under one of the co-defendant's name. The only rooms in the hotel numbered 1325 and 1327 are the two rooms on the third floor of building number one where the defendants were located. The surveillance team observed the defendants and the informant going into these rooms. We find the description in the warrant sufficiently identified the rooms to be searched.
 {¶ 17} Finally, the record demonstrates that between October 17, 2007 and January 30, 2008, appellant filed four motions to suppress. Appellant raised a challenge to the validity of the warrant based upon allegations of a false or *Page 9 
erroneous affidavit only in his October 17, 2007 motion. At the start of the suppression hearing on January 29, 2008, appellant informed the court that he was withdrawing his October 17, 2007 motion and would not be challenging the validity of the affidavit. The trial court specifically stated that as a result of appellant's withdrawing the motion, the court would not consider that issue. Appellant, having waived the issue in the trial court, may not raise it now on appeal.State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 18} Finding no error in the trial court's denial of appellant's motions to suppress, appellant's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE PATRICIA ANN BLACKMON, P.J., and *Page 10 
LARRY A. JONES, J., CONCUR *Page 1